IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| GREGORY LEVON ROCK, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV 622-076 |
| STATE OF GEORGIA, | ) ) ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at Georgia Diagnostic and Classification State Prison in Jackson, Georgia, brings the above-styled action pursuant to 28 U.S.C. § 2254 and is proceeding *in forma pauperis* ("IFP"). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

I.   BACKGROUND

On July 15, 2022, Petitioner pled guilty to armed robbery and kidnapping in the Superior Court of Bulloch County, Georgia, and was sentenced to twenty-five years imprisonment. (Doc. no. 3, p. 1.) Petitioner did not appeal his conviction or seek review by a higher state court, but instead filed a federal habeas petition on September 6, 2022. (Id. at 2; doc. no. 1.) Petitioner filed his initial petition and amended petition in the Northern District of Georgia, and United States Magistrate Judge Justin S. Anand transferred the case to this District because Petitioner seeks to challenge his conviction in the Superior Court of Bulloch County. (See doc. no. 5.) Petitioner

raises four grounds for relief in the amended petition: (1) he was detained for three years before conviction; (2) Bulloch County improperly closed court during the COVID-19 pandemic; (3) ineffective assistance of counsel; and (4) an unconstitutional car stop lead to his arrest. (Doc. no. 3, p. 3.)

## II. DISCUSSION

### A. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Turner v. Crosby, 339 F.3d 1247, 1281 (11th Cir. 2003) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342,

1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).  However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal.  See Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (*per curiam*); Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).  Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

**B.   Petitioner Failed to Exhaust State Remedies**

Petitioner does not allege that he has exhausted his state court remedies.  (See generally doc. no. 3.)  Indeed, he states he previously filed no appeal or any petition, application, or motion with respect to his conviction in any federal or state court.  (Id. at 2.)  However, Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning ineffective assistance of counsel, the length of pre-trial detention, or illegal searches and seizures.  See Henderson v. Hames, 697 S.E.2d 798, 801 (Ga. 2010) (explaining elements of ineffective assistance of counsel claim); Sloan v. Sanders, 519 S.E.2d 219, 220 (1999) (granting habeas petition for ineffective assistance of counsel in failing to

3

raise speedy trial issue); Jacobs v. Hopper, 233 S.E.2d 169, 170 (1977) (establishing standard for reviewing search and seizure claims in state habeas proceedings); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions). Requiring exhaustion will allow for factual development of Petitioner's claims and provide the state courts the first opportunity to correct any alleged constitutional violations. Thus, as Petitioner has not exhausted available state court remedies, his federal habeas corpus petition should be dismissed without prejudice.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of December, 2022, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA